**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMOR J. DEMBY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LIEUTENANT CRESPO, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-9820 (SDW)**<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. Plaintiff Jamor J. Demby, presently detained at South Woods State Prison, submitted a Complaint pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1).

2. The entire fee to be paid in advance of filing a civil complaint is $ 405. That fee includes a filing fee of $ 350 plus an administrative fee of $ 55, for a total of $ 405. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $ 350 and will not be responsible for the $ 55 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $ 405, including the $ 350 filing fee and the $ 55 administrative fee, before the complaint will be filed. Plaintiff seeks to proceed *in forma pauperis*. (ECF No. 1-1).

3. The Prison Litigation Reform Act contains a "three strikes" provision that "prevents a prisoner from suing *in forma pauperis*—that is, without first paying the filing fee—if three or more civil actions or appeals filed by the prisoner have previously been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Garrett v. Murphy*, 17 F.4th 419, 425 (3d Cir. 2021) (cleaned up) (citing 28 U.S.C. § 1915(g)).

4. Plaintiff has had at least three qualifying dismissals: *Demby v. United States*, No. 24-cv-4439 (D.N.J. Apr. 29, 2024) (dismissing complaint for failure to state a claim); *Demby v. United States*, No. 23-cv-2172, 2024 WL 1795389 (D.N.J. Apr. 25, 2024) (dismissing complaint for failure to state a claim); *Demby v. Cnty. of Camden*, No. 20-cv-13892, 2021 WL 733664 (D.N.J. Feb. 25, 2021) (dismissing complaint for failure to state a claim), *aff'd,* No. 21-1433, 2021 WL 4957002 (3d Cir. Oct. 26, 2021).

5. Plaintiff alleges that he was confined in a cell covered in human feces between July 15, 2026 and July 17, 2026. (ECF No. 1 at 4). He states that he was provided cleaning supplies on July 17, 2026 but not "Hazmat material/clothing for cleaning." (*Id.*)

6. "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "[t]o fulfill the 'imminent danger' requirements, [plaintiff] must demonstrate an adequate nexus between the claims" in the complaint "and the 'imminent danger [he] alleges.'" *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (per curiam) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

7. Plaintiff was provided cleaning supplies for his cell, so there is no indication that Plaintiff is still in imminent danger of serious physical injury and will be harmed if he is not permitted to proceed *in forma pauperis*. Therefore, Plaintiff's request to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g).

8. The Clerk shall be ordered to administratively terminate the case without filing the Complaint. Plaintiff must pay the $ 405 filing and administrative fees before the Complaint may be filed. The Clerk will be directed to reopen the matter once Plaintiff pays the filing fee.

9. Failure to submit the filing fee within 30 days may result in the Complaint being dismissed without prejudice.

10. An appropriate order follows.

SDWigenton

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 5, 2026